## G. F. M. Bridges v. The State.

No. 7638.   Decided December 12, 1923.

**Selling Intoxicating Liquor—Continuance—Motion for a New Trial.**

Where, upon trial of selling intoxicating liquor, it was shown that the testimony of the absent witness was material, and the diligence under the circumstances was not so deficient as to warrant the court in refusing at least to postpone the case, the judgment must be reversed and the cause remanded.

Appeal from the District Court of Nacogdoches.   Tried below before the Honorable L. D. Guinn.

Appeal from a conviction of selling intoxicating liquor; penalty, 18 months imprisonment in the penitentiary.

*C. C. Watson,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The offense is the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of eighteen months.

The State's testimony is to the effect that on the 16th day of September, 1922, appellant sold to one, Artis Scott, a pint of whisky.

The indictment was presented on the 23rd day of September, and the trial took place on the 27th of that month. The appellant presented an application for a continuance to secure the testimony of a number of witnesses to support his theory of alibi. The witnesses resided in Nacogdoches County. Subpoena was issued for them on the 27th day of September. The delay in the issuance of subpoena was explained by the fact that the appellant was arrested at a distance of ten miles from the county seat on Saturday afternoon, September 23rd. On the following Monday, he came to the county seat to consult his attorney. He found that he was out of the city, but was told that he would return on the following day. The attorney did return upon the following day, but not until late in the evening. On the following morning subpoenas for the absent witnesses were issued and served. The case was called for trial on the same day but the witnesses had not arrived. The appellant, by another written application, requested a delay and introduced proof to the effect that the witnesses resided in Nacogdoches County at a point about twenty miles east of the city and could reach the courthouse by automobile within a short time, the road to their homes being a hard-surface highway. According to the averments, which are controverted, the attendance of the witnesses could have been secured within

two hours. The testimony was material, supporting that of the appellant. The diligence, under the circumstances, was not so deficient as to warrant the court in refusing to at least postpone the case. Nothing in the record indicates that a postponement would have resulted in a continuance, or in any manner prejudiced the State's case or interfered with the business of the court.

Because of the refusal to grant the appellant's motion for a continuance, the judgment is reversed and the cause remanded.

*Reversed and remanded.*